IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | NO. _____ |
| | ) | |
| A MATTER UNDER INVESTIGATION | ) | FILED UNDER SEAL |
| BY GRAND JURY NUMBER 3 | ) | |
| (#2007R00845) | ) | |

GOVERNMENT'S APPLICATION FOR THE ENTRY OF A
PRE-INDICTMENT RESTRAINING ORDER AND
APPOINTMENT OF A FEDERAL RECEIVER

The United States of America, by and through its undersigned counsel, moves this

Honorable Court for entry of a Pre-Indictment Restraining Order, pursuant to Title 21, United

States Code, Section 853(e)(2), as incorporated by Title 18, United States Code, Section 982

(b)(1), and the appointment of a federal receiver for the defendants, pursuant to Title 21,

United States Code, Section 853(e)(1).

## I. Introduction

The purpose of the requested restraining order is to maintain the status quo of certain

forfeitable properties and assets pending the outcome of the ongoing investigation of Tony

Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names:

Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel

Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith

Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit,

LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach. Winston Holliday,

Assistant United States Attorney for the District of South Carolina, undersigned counsel, has

been assisting in a criminal investigation of certain offenses including 18 U.S.C. §§ 1341 and 1343, and 18 U.S.C. § 1957. As a result of the related criminal investigation conducted by the Federal Bureau of Investigation (FBI), the Internal Revenue Service (IRS), the Defense Criminal Investigation Service (DCIS), and the Office of the Inspector General, United States Postal Service (OIG-USPS), the United States has identified assets of the subjects of the investigation. There is probable cause to believe these assets either constitute or are derived from proceeds that these subjects received as a result of the above described criminal activity and/or constitute or are traceable to property involved in money laundering transactions. For the reasons set forth in the accompanying Affidavit of Special Agent Aaron Hawkins, FBI, there is probable cause that these assets will be forfeited pursuant to Title 18, United States Code, Sections 982(a)(1) and/or 981(a)(1)(C) upon completion of the criminal investigation. It is anticipated that the investigation can be completed as to these subjects of the investigation in approximately four more months. If the assets are not restrained pending the conclusion of the investigation, there is a substantial likelihood that the assets will be dissipated, transferred, removed from the jurisdiction of this Court or otherwise made unavailable for forfeiture. Accordingly, the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom it is entered. Any resulting hardship to the parties should be minimized since the requested order does not seek seizure of the properties but restraint pending indictment or other resolution of this investigation to prevent the subjects Tony Pough, Joseph Brunson, and

-2-

Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach, and any of their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and anyone and any institution holding property, both real or personal (including bank and/or brokerage accounts) for them, from dissipating or removing the assets from the Court's jurisdiction without giving the United States notice and an opportunity to be heard.

## II. Terms of the Requested Order

The United States requests that the Court restrain, prohibit and enjoin the subjects Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach, and any of their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and anyone and any institution holding property, both real or personal (including bank and/or brokerage accounts) for them, from spending, selling, transferring, assigning, encumbering or otherwise attempting or completing any action that

would affect or diminish the marketability or value of these assets, without prior approval of this Court and prior notice and an opportunity for the United States to be heard.

The United States requests this restraining order with respect to property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C), and in addition with respect to substitute assets from which it will seek to satisfy any future forfeiture verdict pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p).

The property that is subject to the requested restraining order is under the ownership or control of the subjects Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach, or the agents or family members of the subjects. The property is forfeitable as property that constitutes, is derived from or is traceable to criminally derived proceeds involved in money laundering transactions, and includes, but is not limited to the properties described in Exhibit A, titled in and/or controlled by Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express;

-4-

TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics,

LLC; KMF, Inc.; and Vision Outreach.

### III.  MEMORANDUM OF POINTS AND AUTHORITIES

A.    This Court Has The Authority to Enter the Requested Restraining Order

This Court's authority to enter the requested restraining order prior to the return of an

indictment is founded in Title 21, United States Code, Section 853(e)(2), incorporated by

Title 18, United States Code, Section 982(b)(1), as follows:

> A temporary restraining order under this sub-section may be entered upon
> application of the United States without notice or opportunity for a hearing
> when an information or indictment has not yet been filed with respect to the
> property, if the United States demonstrates that there is probable cause to
> believe that the property with respect to which the order is sought would, in the
> event of conviction, be subject to forfeiture under this section and that
> provision of notice will jeopardize the availability of the property for
> forfeiture.

Such a temporary restraining order shall be effective for no more than ten (10) days, unless

extended by the Court for good cause or the affected party consents.  21 U.S.C. § 853(e)(2).

Title 18, United States Code, Section 982 incorporates the above restraining order provisions

of Title 21 at Section 982(b)(1), and establishes the basis for forfeiting the property and

assets that would be restrained under the requested order.  Section 982(a)(1) provides that

upon a defendant's conviction for money laundering violations, that is, 18 U.S.C. §§ 1956

and 1957,  the defendant shall forfeit to the United States any property constituting or

traceable to property involved in money laundering transactions. Section 981(a)(1)(C)

provides for the forfeiture of any property, real or personal, which constitutes or is derived

-5-

from proceeds traceable to mail fraud or wire fraud.

The Government's interest in the property described in Exhibit A vests at the time of the offense and cannot be defeated by subsequent transfers or dissipation of the proceeds or the assets derived therefrom.  18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(c);See also, United States v. Ginsburg, 773 F.2d 798, 801 (7th Cir. 1985) (en banc), cert. denied. 475 U.S. 1011 (1986); United States v. Amend, 791 F.2d 1120, 1127 & n. 6 (4th Cir.), cert. denied, 107 S. Ct. 399 (1986).

Section 853(c) further provides that any such forfeitable property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States unless the transferee establishes that he is a bona fide purchaser for value of such property, who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section. The Government's interest in substitute assets also vests at the time of the offense giving rise to the forfeiture.  U.S. v. McHan, 345 F.3d 262 (4th Cir. 2003) (holding that the remedial purpose of the relation-back provision and the substitute property provision is to thwart the defendant's efforts to avoid the impact of a criminal forfeiture).

Indeed, the ability of the Court to impose restraints against persons to prevent the dissipation or removal of a defendant's assets prior to the resolution of criminal forfeiture proceedings is well established.  United States v. Monsanto, 491 U.S. 600 (1989) (permitting pre-trial restraint of assets intended to be used for attorney's fees); In Re Billman, supra, 915 F.2d

916, 921 (4th Cir. 1990); United States v. Swank Corporation, 797 F. Supp. 497 (E.D.Va.

1992).

Further, the court may restrain not only parties that have been (or likely are to be) indicted,

but also unindicted third parties when their connection to the subject assets is established.

See, e.g., United States v. Jenkins, 974 F.2d 32, 36 (5th Cir. 1992), cert. denied, 113 S.Ct.

1580 (1993); United States v. Paccione, 964 F.2d 1269 (2nd Cir. 1992).

    In the present action, the United States is seeking the least intrusive method to

preserve the status quo of the properties listed in Exhibit A by choosing restraint rather than

physical seizure of the property.  The United States is entitled to such an order if it can

demonstrate that:

1.    there is probable cause to believe that the property with respect to which the order is
      sought would, in the event of conviction, be subject to forfeiture; and

2.    the provision of notice will jeopardize the availability of the property for forfeiture.

21 U.S.C. § 853(e)(2).

    Irreparable injury will occur to the United States' interest if the Defendant or his

agents are permitted to dissipate the assets prior to indictment and verdict or otherwise place

them beyond this Court's jurisdiction. Given the congressional determination that criminally-

derived assets should be forfeited to the United States, it is clear that the public interest lies

in preserving these assets for forfeiture. S. Rep. No. 225, 98th Cong., 2d Sess. 191, reprinted

in 1984 U.S.C.C.A.N. at 3182, 3374. Accordingly, the need to preserve the availability of the

property through the entry of the requested order outweighs the hardship, if any, on any party

against whom it is entered.

B.    Substitute Assets Can Be Restrained Pre-Trial for
Forfeiture in Lieu of the Actual Illicit Proceeds

In any criminal case in which the forfeiture order is for money proceeds, the government obtains what amounts to a personal money judgment against the defendant which can be satisfied from any of the defendant's assets, including otherwise legitimate assets. United States v. Robilotto, 828 F.2d 940, 948 (2d Cir. 1987), cert. denied, 108 S.Ct. 711 (1988); United States v. Navarro-Ordas, 770 F.2d 959, 969 (11th Cir. 1985), cert. denied sub nom. Rodriguez v. United States, 475 U.S. 1016 (1986). United States v. Conner. 752 F.2d 566 (11th Cir. 1985).

The Government is entitled to a judgment of forfeiture for an amount of money equal to the value of the proceeds obtained from wire fraud and property involved in the money laundering offenses charged, even if the property subject to forfeiture was subsequently dissipated or cannot be identified.  In that event, upon a conviction, "the government is entitled to an in personam judgment against [the defendant], which may be satisfied from other properties owned by him and held for his benefit, and the judgment may enter accordingly." United States v. Benevento, 663 F. Supp. 1115, 1119 (S.D.N.Y. 1987). See Voight, supra; United States v. Sokolow, 1995 WL 113079, at *1 (E.D. Pa. Mar. 14, 1995) (because money is fungible, government need not receive the identical money involved in the money laundering offense, so long as the amount involved is known), aff'd 81 F.3d 397 (3rd Cir. 1996).

In the alternative, or in addition to an in personam judgment against the defendant, the government is entitled to forfeit specific assets in substitution for the property subject to forfeiture that cannot be located. That is because § 982(b)(1) incorporates the procedural provisions of 21 U.S.C. § 853, including subsection (p) which provides as follows:

> If any of the property described in subsection (a) of this section as being subject to forfeiture, as a result of any act or omission of the defendant-
> (1) cannot be located upon the exercise of due diligence;
> (2) has been transferred or sold to, or deposited with, a third person;
> (3) has been placed beyond the jurisdiction of the Court;
> (4) has been substantially diminished in value, or
> (5) has been commingled with other property which cannot be subdivided without difficulty;
> the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).

Thus, in a money laundering case, the money launderer is liable to forfeit substitute assets equal to the entire amount laundered, United States v. Hurley, 63 F.3d 1, 21 (1st Cir. 1995) (government entitled to forfeiture of $136 million as the sum of the money involved in the financial transactions conducted in furtherance of money laundering conspiracy) , and the forfeiture judgment "can be satisfied out of any of the defendant's assets." In Re Billman, supra, 915 F.2d at 920.

In the Fourth Circuit, the Government is entitled to obtain an order restraining substitute assets. In Re Billman, 915 F.2d 916, 921 (4th Cir. 1990), cert. denied, 111 S.Ct. 2258 (1991) (the restraining order provisions of RICO "must be read in conjunction with" the substitute assets provisions "to preserve the availability of substitute assets pending trial"); United States v. Swank Corporation, 797 F. Supp. 497, 501 (E.D. Va. 1992) (applying

<u>Billman</u> to money laundering forfeiture); <u>see also</u> <u>United States v. Regan</u>, 858 F.2d 115, 121 (2d Cir. 1988); <u>United States v. Schmitz</u>, 156 F.R.D. 136 (E.D. Wis. 1994); <u>United States v. O'Brien</u>, <u>supra</u>, 836 F. Supp. 438; <u>United States v. Skiles</u>, 715 F. Supp. 1567, 1568 (N.D. Ga. 1989) (21 U.S.C. § 853). The purpose of such an order is to ensure that any cash or other assets belonging to the putative defendant that may be used to satisfy a forfeiture order following the defendant's indictment and conviction are not dissipated or removed from the jurisdiction of the court while criminal charges are pending.

In <u>United States v. Skiles</u>, 715 F. Supp. 1567 (N.D. Ga. 1989), the Court held that where the Government was relying on the substitute assets provision of Section 853, it was proper to issue a restraining order directed toward preserving those substitute assets pending the outcome of the criminal trial. The Court, in referring to a house which was subject to forfeiture, but which subsequently was encumbered by the defendant, stated:

> The Court sees little difference between the restraint of the house and the restraint of assets worth the value of the house unencumbered. The statute provides for the restraint of assets that may be forfeited if defendant is convicted. It goes on to provide for the substitution of assets. Had Congress not wished to allow for the restraint of assets that will likely be substituted after forfeiture of the principal asset is shown to be insufficient, it could have stated that in the law or the discussion of the new provisions. Defendant has presented no evidence that Congress intended anything other than what the statute clearly allows.

715 F. Supp. at 1568. Thus, there is ample authority for the pretrial restraint of substitute assets as requested here.

As is set forth more fully in the accompanying affidavit of Special Agent Aaron

Hawkins of the FBI, there is probable cause to believe that Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach, have committed offenses giving rise to forfeiture of the properties and assets to be restrained as described in Exhibit A. The affidavit also sets forth the probable cause that all of the property and moneys described in Exhibit A are criminally derived proceeds that are forfeitable upon the indictment and conviction of the subjects of the investigation. 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c).

Moreover, Special Agent Hawkins' affidavit establishes probable cause that the property described in Exhibit A constitutes property involved in money laundering or property traceable thereto or substitute property for property involved in money laundering or property traceable thereto and, as a result, will be forfeited to the United States upon the conviction of Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach, pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(p).

-11-

For these reasons, the Government requests that this Court order that if any of the property described in Exhibit A has been transferred or disposed of by any means, that Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach, be ordered to account to the Court for the disposition and location of such property and further that they, their attorneys, agents, family members be restrained from alienating, encumbering, transferring or disposing of the proceeds from such property.

The United States expects to file criminal charges against Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach. As set forth more fully in the accompanying affidavit of Special Agent Aaron Hawkins, the United States may suffer irreparable harm if the restraining order is not entered as requested, in that there is probable cause that Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson

-12-

Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach, and/or their agents or family members and their agents may dissipate, transfer or otherwise place or attempt to place certain interests, assets and property beyond forfeitable condition, thereby frustrating the ends of public justice.

The United States further requests that the Court direct, in the event that Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach, or any party desires to transfer, convey, liquidate or encumber any of the property described in Exhibit A and if the United States consents to such transfer, that the transfer may be made upon condition that all sale proceeds shall be placed in escrow in an account or accounts, approved by counsel for the Government. In the event that forfeiture is ultimately ordered, any funds received from the sale of the property for the actual property forfeited shall be substituted for the actual property.

The United States respectfully requests that the Court ensure that the value of the real property does not erode during the pendency of this action by directing the following:

-13-

The proposed restraining order requires Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach, or the titled owners, to continue to make applicable mortgage and tax payments to ensure that the properties are not foreclosed upon, sold for delinquent taxes, and that net equity in the property does not decrease.

The proposed restraining order also requires Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach, their agents, etc. to continue to maintain existing fire, flood and hazard insurance on the properties, so the value of the property will not be adversely affected in the event of a natural disaster, vandalism or similar occurrences.

These requirements seek to maintain the status quo and do not place an onerous burden on Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial

-14-

Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach, or others, in that the Government simply seeks to ensure that the responsible parties continue to meet their legal obligations to make mortgage, tax and insurance payments. The proposed restraining order also requires Tony Pough, Joseph Brunson, and Timothy McQueen, doing business under the following names: Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach, their agents, etc., to perform normal maintenance of the yard and grounds of the properties and prohibits unlawful use of the properties, to ensure the value of the properties is maintained.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests the entry of a pre-indictment restraining order for ten days, pending completion of the grand jury investigation and either the return of an indictment or the filing of an information, at which time the United States will apply to the Court for the appropriate protective order pursuant to Title 21, United States Code, Section 853(e)(1) as incorporated by Title 18, United States Code, Section 982 (b)(1). In addition, the United States requests the Court to appoint a federal receiver for the purpose of ascertaining and securing the subjects' assets.

-15-

Respectfully submitted,

REGINALD I. LLOYD
UNITED STATES ATTORNEY

By:    s/ WINSTON D. HOLLIDAY, JR. (#7597)
Assistant United States Attorney
WINSTON HOLLIDAY
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone:(803) 929-3079
FAX:  (803) 254-2943

ATTORNEY FOR THE UNITED STATES

July 13, 2007

-16-