IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| IN RE: RECEIVER | ) | C/A No. 3:10-3141-MBS |
| | ) | |
| | ) | **O R D E R** |
| | ) | |

      This matter arises out of a fraudulent investment operation ("Ponzi Scheme") orchestrated by Messrs. Tony Pough, Joseph Brunson, and Timothy McQueen. On August 2, 2007, the court issued a Pre-Indictment Restraining Order (ECF No. 6) that enjoined Messrs. Pough, Brunson, and McQueen, doing business under various names, and their agents, servants, employees, attorneys, family members, and those persons in active concert or participation with them (collectively "3HB" or "The Three Hebrew Boys," as more specifically delineated in the Plan), from directly or indirectly selling, transferring, attaching, disposing of in any manner, the property described in Exhibit A to the Pre-Restraining Order. The court issued an order on September 5, 2007, amended October 10, 2008, appointing Beattie B. Ashmore, Esquire as Receiver, with the Receiver's duties further delineated in the court's April 15, 2010 and January 18, 2011 Orders (collectively "Court Orders").

      On August 21, 2008, Messrs. Brunson, McQueen, and Pough were indicted by a federal grand jury in the United States District Court for the District of South Carolina. See United States v. Brunson, Cr. No. 3:08-0615. A superseding indictment charged Messrs. Brunson, McQueen, and Pough with multiple counts of mail fraud, transporting stolen goods, and money laundering. In addition, the superseding indictment provided that upon conviction certain property would be subject to forfeiture. On November 20, 2009, Messrs. Brunson, McQueen, and Pough were convicted on all counts and the jury returned a special verdict for forfeiture in the amount of $82 million. On February 23, 2010, the court entered a Preliminary Order of Forfeiture. On December

14, 2010, the court sentenced Messrs. Brunson, McQueen, and Pough to terms of imprisonment and ordered them to pay restitution in an amount up to $82 million.

Pursuant to the Court Orders and related to the underlying criminal matter noted above, the Receiver took over all the financial and business affairs for 3HB. The Court Orders required the Receiver, among other things, to locate and manage assets previously acquired by and/or in the name/possession of 3HB (the "Receiver Estate"). The Receiver began collecting information for the purpose of distributing the proceeds of the Receiver Estate using the Proof of Claim ("POC") form approved by the court by Order dated April 15, 2010. The Receiver then provided notice of the POC to all potential victims of the Ponzi Scheme. The Receiver also developed a method of distribution commonly referenced as the "Rising Tide" method. The Receiver describes the "Rising Tide" method as follows:

> The Rising Tide method treats those that deposited money with the 3HB but actually received nothing from the Ponzi scheme more favorably than those that deposited money and received financial returns (i.e payoffs, cash, cars, or other benefits from the 3HB). We have determined that a large percentage of the approximately 4000 Claimants that filed a timely Proof of Claim form received nothing from the 3HB. Therefore, these Claimants can expect to receive a greater percentage of the funds to be distributed from the Receiver. Conversely, there is a smaller percentage that received financial benefits from the 3HB during the course of the scheme and these Claimants will receive a smaller percentage of the funds to be distributed from the Receiver, and in some instances nothing during the initial distribution from the Receiver.

"Message to Claimants," found at http://www.3hbreceiver.com/ on June 29, 2011. The court approved the "Rising Tide" method by order filed July 1, 2011. Also on July 1, 2011, the court approved a Plan for Claims Administration and Distribution of Proceeds, to which Plan was appended the Receiver's first schedule of net loss amounts. Thereafter, the Receiver made an initial disbursement utilizing the following formula to determine an amount of reimbursement to approved Claimants:

(Amount to Distribute) DIVIDED BY (Total Actual Deposits made by all allowed Claimants) MULTIPLIED BY (the Actual Deposit associated with each Claim) MINUS (Actual Return associated with each Claim).

Despite the Receiver's best efforts to notify all potential victims of the Ponzi Scheme, a number of individuals have filed requests with the court over the past two years to approve untimely POCs. The court has considered and ruled on all such motions. Persons who have established good cause for their delay in filing have been approved for a distribution as if they had been included in the Receiver's initial disbursement. To provide finality to these proceedings, the court will accept no further motions to file untimely POCs.

This matter now is before the court on the Receiver's motion to approve schedule of supplemental distribution amounts, which motion was filed on June 25, 2013. The Receiver has provided the court with a breakdown of monies to be disbursed from the Receiver Estate, including such sums as may have been allowed by the court for Claimants who filed untimely POCs. The amounts have been calculated in accordance with the Plan for Claims Administration and Distribution of Proceeds approved by the court on July 1, 2013. The Receiver's motion (ECF No. 1465) is **granted**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 8, 2013.