IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | C/A No. 3:10-cv-3141-MBS |
| | ) | |
| RECEIVER | ) | |

**OPINION AND ORDER**

This action arose as a consequence of a sophisticated fraudulent investment scheme orchestrated by Messrs. Tony Pough, Joseph Brunson, and Timothy McQueen, known as the Three Hebrew Boys. On August 2, 2007, the court issued a pre-indictment restraining order pursuant to 18 U.S.C. § 982(b)(1) regarding certain properties owned or controlled by Messrs. Pough, Brunson, and McQueen, doing business as Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach. By order filed August 15, 2007, the court extended the pre-indictment restraining order through August 31, 2007 and appointed Beattie B. Ashmore, Esquire as Receiver to assist in the identification and disposition of assets. On September 5, 2007, the court issued an order investing the Receiver with full and exclusive power, duty, and authority to administer and manage the business affairs, funds, assets, choses in action, and any other property of the Three Hebrew Boys, and to take whatever actions necessary for the protection of the United States and the investors. A supplemental order relating to the duties of the Receiver was issued on November 27, 2007.

On November 20, 2009, Messrs Pough, Brunson, and McQueen were convicted of multiple counts of money laundering, conspiracy to commit mail fraud, mail fraud, and transportation of

stolen goods.  See Cr. No. 3:08-615.  On December 14, 2010, the court sentenced Messrs Pough, Brunson, and McQueen to terms of imprisonment and ordered that they pay restitution in an amount up to $82 million, said amount to be modified, adjusted, or reduced, if necessary, at a later date based upon information provided by the Receiver at the conclusion of his duties.  On January 18, 2011, the court issued an order further directing the Receiver to do all things necessary to facilitate and accomplish the payment of restitution, including, but not limited to, fashioning and submitting a plan for claims administration and distribution; locating, seizing, managing, and ultimately liquidating, with court approval, assets held or obtained by the Receiver; and distributing, at the court's direction, the corpus of the Receiver Estate to those persons who meet the requirements for and are entitled to restitution.

On July 1, 2011, the court approved the Receiver's Plan for Claims Administration and Distribution of Proceeds.  Since that time, the Receiver has made two distributions to qualified claimants in a total amount of approximately $21.5 million, and the Receiver anticipates a third distribution is feasible.  The Receiver informs the court that the search for assets is ongoing, but that the majority of his duties are completed.  Accordingly,

The Receiver is directed to maintain all books, records, and files acquired during this case until further order of this court.  The Receiver is further directed to incur any and all expenses necessary to effectuate the final distribution of funds to the qualified claimants, to include mailing and copying costs.  The Receiver is thereafter authorized to take all steps to close out his books and make a final accounting to this court, to include any recommendations he finds suitable.

The Receiver, his attorney, and his staff have acted in an eminently reasonable manner in exercising due diligence in the determination of this matter and acted pursuant to the duties and responsibilities given to the Receiver by this court.  The Receiver and his staff are to be fully

released from the responsibility, as well as any civil liability, from their actions in this case upon the final distribution to the qualified claimants.

Nothing hereinabove is to be construed from prohibiting the Receiver from expending reasonable efforts to continue to marshal assets, including collecting judgments, attempting to locate properties, and liquidating belongings as may be appropriate and necessary and as opportunities may appear. The court shall retain jurisdiction to address any and all issues deemed necessary for resolution by the Receiver. In addition, the court shall retain jurisdiction over the separate civil actions that are related to this matter and the Receiver retains the authority to continue in the prosecution of those cases.

The Receiver shall provide the court with a status report no later than December 31, 2014, and a final status report upon the closing of his books. The court once again thanks the Receiver, his attorney, and his staff for their outstanding service.

The Clerk of Court is hereby directed to close this case.

IT IS SO ORDERED.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 26, 2014

3